UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES DOWNING,

     Plaintiff

v

SOUTHSTAR FUNDING,
LLC, and TROTT & TROTT,
P.C.

     Defendants
_____/

Case No. 2:08-cv-12545
Hon. Anna Diggs Taylor
Magistrate Mona K. Majoub


JAMES C. DOWNING
In Pro Per
114 Vincent Street
Inkster, MI 48141

PLUNKETT COONEY
Matthew J. Boettcher (P40929)
Attorneys for MERS and US BANK
38505 Woodward Ave., Suite 3000
Bloomfield Hills, MI 48034
(248) 901-4035

_____

### PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

FILED

'08 OCT 15 P12:16

# TABLE OF CONTENTS

Index of Authorities ……………………………………………………..i

Statement of Issues Presented…………………………………………   ii

Introduction………………………………………………………………iii

Statement of Facts ………………………………………………………iii

Discussion

      1.    Plaintiffs are entitled to file and the Court should grant their
           Motion for Leave to File Amended Complaint …………………...3

      2.    Defendants will not be prejudiced in the event
           this motion is granted………………………………………………3

      3.    That plaintiffs will be prejudiced if their motion is denied due
           to the fact that they discovered additional facts concerning their
           lawsuit after their original complaint was filed……………………. 4

Conclusion ……………………………………………………………….5

# INDEX OF AUTHORITIES

## Cases

Bryant v Dupree
U.S. 11th Circuit Court of Appeals……………………………………………………4

## Statutes

Fed R. Civ. P. 15(a)……………………………………………………… 1
Fed R. Civ.P.15(B)……………………………………………………… 1
USDC LR 15.1……………………………………………………… 1

## STATEMENT OF ISSUES PRESENTED

1.   Are plaintiffs entitled to file a Motion for Leave to File Amended Complaint?

2.   Will defendants be prejudiced in the event this motion is granted?

3.   That plaintiffs will be prejudiced if their motion is denied due to the fact that they discovered additional information regarding their lawsuit after the original complaint was filed.

## INTRODUCTION

On or about August, 2008, plaintiffs filed their original complaint.

Defendant filed their appearance on August 21, 2008.

Defendant filed a Motion to Dismiss on August 18, 2008.

Defendant has not filed a responsive pleading to date.

Plaintiffs seek leave to file a First Amended Complaint as additional information has become known to them since the filing of the original complaint.

## STATEMENT OF FACTS

On or about plaintiff entered into a mortgage contract with defendant SouthStar Funding.  Defendant Trott & Trott is serving as the third-party debt collector.

The person who served the Sheriff Deed on Mortgage Foreclosure was not a deputy, under deputy or sheriff, as required by MCL 600.3216.

Defendants violated the Fair Debt Collections Practices Act and the Truth in Lending Act.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES DOWNING,

      Plaintiff

v                                 Case No. 2:08-cv-12545
                                 Hon. Anna Diggs Taylor
SOUTHSTAR FUNDING,        Magistrate Mona K. Majoub
LLC, and TROTT & TROTT,
P.C.

      Defendants
_____/

## PLAINTIFFS' MOTION FOR LEAVE TO FILE
## FIRST AMENDED COMPLAINT

      James C. Downing, hereby moves this Honorable Court, pursuant to Rule 15(a) of

the Federal Rules of Civil Procedure, 15(B), Rule 15.1 of the Local Rules of the United

States District Court for the Eastern District of Michigan, for leave to amend his

complaint by filing a First Amended Complaint (Exhibit 1) and in support of his motion

states as follows:

      1.      Plaintiff seeks to amend his Complaint to provide clarity and

thoroughness.

      2.      That defendants will not be prejudiced by the granting of this motion as

they have not filed an answer to plaintiff's original complaint.

      3.      Further, defendants will not be prejudiced by the granting of this motion

as the case is in its infantile stages and no discovery has been taken at this time.

4.    That plaintiffs discovered additional information which further supports allegations in their original complaint regarding 15 USC 1692(a)(3), and the Fair Debt Collection Practices Act and the Truth in Lending Act.

WHEREFORE, plaintiff prays that this Honorable Court grant Plaintiff leave to file an Amended Complaint herein.

*James C. Downing*

JAMES C. DOWNING

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DOWNING,

     Plaintiff

v                                Case No. 2:08-cv-12545
                                Hon. Anna Diggs Taylor
SOUTHSTAR FUNDING,           Magistrate Mona K. Majoub
LLC, and TROTT & TROTT,
P.C.

     Defendants

                               /

JAMES C. DOWNING               PLUNKETT COONEY
In Pro Per                        Matthew J. Boettcher (P40929)
114 Vincent Street              Attorneys for MERS and US BANK
Inkster, MI  48141             38505 Woodward Ave., Suite 3000
                                Bloomfield Hills, MI  48034
                                (248) 901-4035

## BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION FOR
## LEAVE TO FILE FIRST AMENDED COMPLAINT

## DISCUSSION

1.    **Plaintiff is entitled to file and the Court should grant his
      Motion for Leave to File Amended Complaint.**

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend

pleadings "shall be freely given when justice so requires." This mandate of liberal

amendment extends even to amending pleadings at trial to conform to the evidence. If

the underlying facts and circumstances relied upon by a plaintiff may be a proper subject

for relief, he ought to be afforded an opportunity to test his claim on the merits.

Although leave to amend "shall be given freely when justice requires," the decision to

allow an amendment is purely discretionary.

The Court cannot, however, abuse its discretion by denying leave to amend unless

the following has occurred: (1) plaintiff has abused his privilege in the past; (2) there has

been some undue delay; (3) plaintiff has repeatedly failed to cure deficiencies by

amendments previously allowed or (4) the amendment will clearly prejudice the opposing

party. Here, there are no such grounds for refusing leave to amend, as plaintiffs have not

abused any of the above-mentioned criteria which may allow for the denial of leave to

amend.

2.    **Defendants will not be prejudiced in the event this motion is granted.**

Defendants certainly will not be prejudiced if this motion is granted as they have

yet to file an answer to plaintiff's original complaint. There has been no discovery taken

to date as this case is in its infantile stages.

Moreover, plaintiff's amendment is timely. In the decision of <u>Bryant</u> v <u>Dupree</u>,

the Eleventh Circuit made it clear that:

"[t]he lengthy nature of litigation, without any other evidence of prejudice to the defendants or bad faith on the part of the plaintiff does not justify denying the plaintiffs the opportunity to amend their complaint."

The ruling made in <u>Bryant</u> clearly demonstrates that plaintiff is entitled to leave to file his First Amended Complaint. There is no evidence of prejudice to the defendants or bad faith on the part of the plaintiff.

**3.    That plaintiff will be prejudiced if his motion is denied due to the fact that he discovered additional facts concerning his lawsuit after his original complaint was filed.**

Plaintiff would be severely prejudiced if his motion is denied for the reason that shortly after the filing his original complaint, facts became known that would further support their claims, as evidenced in Exhibit 1; Plaintiff's First Amended Complaint. Additionally, plaintiff has not abused any of the four criterion listed above which qualifies him for leave at the discretion of this Honorable Court.

## CONCLUSION

Plaintiff's motion should be granted by allowing leave to file Plaintiffs' First Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

JAMES C. DOWNING

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES C. DOWNING,

      Plaintiff

v                                           Case No. 2:08-cv-12545
                                           Hon. Anna Diggs Taylor
SOUTHSTAR FUNDING,          Magistrate Mona K. Majoub
LLC, and TROTT & TROTT,
P.C.

      Defendants
_____/

## FIRST AMENDED COMPLAINT

     NOW COMES James C. Downing, in pro per, and for his Complaint against the

Defendants state as follows:

### JURISDICTION AND VENUE

    1.     This is an action brought pursuant to 28 USC 1332(a)(1); USC 1357(b)(2)

and 18 USC 1961-1968.

    2.     Jurisdiction and venue are proper.

    3.     The matter in controversy exceeds Twenty-Five Thousand Dollars

($25,000.00), exclusive of interest and costs.

    4.     An actual controversy exists between the parties.

### PARTIES
### AND PROPERTY DESCRIPTION

    5.     Plaintiff realleges paragraphs 1-4 of this First Amended Complaint as if

fully set forth herein.

6.      The plaintiff is a resident of the City of Inkster, County of Wayne, State of Michigan.

7.      The defendant SouthStar Funding, LLC, upon information and belief, is a foreign corporation.

8.      That defendant Trott & Trott, P.C. is acting as a third-party debt collector in this matter.

9.      Plaintiff is the owner of property located in the City of Inkster, County of Wayne, State of Michigan: commonly known as 114 Vincent Street.

## GENERAL ALLEGATIONS

10.     Plaintiff realleges paragraphs 1-9 of this First Amended Complaint as if fully set forth herein.

11.     That three days prior to his loan closing, plaintiff did not receive a copy of the mortgage documents he would be signing.  This omission by defendant SouthStar deprived him of the time in which he was entitled by TILA to review same or ask any questions concerning the loan documents before the closing.

12.     Plaintiff never received a dunning letter informing him that Defendant Trott & Trott was attempting to collect a debt and inform the plaintiff that he had 30 days to dispute the debt, in violation of the Fair Debt Collections Practices Act.

13.     That during the month of October, 2008, plaintiff sent Defendant Trott & Trott a request to validate his purported debt.

14.    Despite the fact that plaintiff disputed his debt, all collection activity by Trott & Trott should have ceased; however it did not, which is in direct violation of the Fair Debt Collection Practices Act.

15.    When the Sheriff's Deed on Mortgage Foreclosure was served, on June 4, 2008, upon inquiry and pursuant to FOIA, it was revealed that the individual executing the Sheriff's Deed was Terri Sims Hilson. Upon further investigation, it was discovered that Terri Sims Hilson was not a deputy, under sheriff, or sheriff.  Despite this misrepresentation, the foreclosure proceedings continued, causing injury to plaintiff, i.e., he was the victim of a fraudulent act and injured by way of the possibility losing his home. Defendants accordingly are in violation of MCLA 600:3216 and 600.3232.

16.    That on May 30, 2008, an Affidavit of Abandonment was filed by Defendant Trott & Trott in the Wayne County Register of Deeds Office which inaccurately stated that the plaintiff's property was vacant, thereby attempting to accelerate the foreclosure proceedings.  (See Exhibit A).

17.    That on August 6, 2008, plaintiff filed an Affidavit of Non-Abandonment in response to Defendant Trott & Trott's affidavit. (See Exhibit B).

18.    To verify that plaintiff still occupied the premises, enclosed as Exhibit C is a copy of a recent utility bill for July.  (The Affidavit of Abandonment by Defendant Trott & Trott was dated May 30, 2008).

19.    The actions of Defendants were the direct and proximate cause of the injuries suffered by the plaintiff.

## DAMAGES

1.    Plaintiffs requests that this Court void the pending mortgage foreclosure due to the multiple misrepresentations and fraud committed by defendants.

3

2.      Plaintiff requests the Court to award damages in the amount of $2,000,000 to the plaintiff for the countless misrepresentations, emotional distress, financial distress, worry and anxiety that defendants actions have caused.


3.      Plaintiff requests that defendants pay all court costs and fees so wrongfully sustained in this matter.


JAMES C. DOWNING

# **EXHIBIT A**

**FILE DO NOT MAIL**

Bernard J. Youngblood
Wayne County Register of Deeds
May 30, 2008  09:13 AM
Liber 47261 Page 1491-1492
#2002100000  BMR  FEE: $10.00

**AFFIDAVIT OF ABANDONMENT**

T&T #161493F04

STATE OF MICHIGAN}
COUNTY OF OAKLAND) SS.

Ebony Gerwin being first duly sworn, deposes and says that he/she is the duly authorized attorney of US Bank National Association as Trustee for Credit Suisse First Boston ARMT 2005-5. That a default exists on a certain mortgage made by James C Downing, Unmarried Man, original mortgagor(s), to Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns, Mortgagee, dated February 14, 2005, and recorded on September 24, 2007 in Liber 46673 on Page 1198, and assigned by said Mortgagee to US Bank National Association as Trustee for Credit Suisse First Boston ARMT 2005-5 as assignee as documented by an assignment, in Wayne county records, Michigan, securing certain lands, premises and property situated in the City of Inkster, County of Wayne, Michigan, commonly known as 114 Vincent St, Inkster, MI 48141-1270, and more particularly described as:
(See EXHIBIT A)

That on May 2, 2008, that being the date of first publication, foreclosure proceedings were instituted and a foreclosure sale was scheduled for June 4, 2008 which is currently scheduled for June 4, 2008.

That it is the intention of the mortgagee to foreclose pursuant to the provisions of MCLA 600.3241a.

That on May 9, 2008, the mortgagee caused to be made a personal inspection of the mortgaged premises and the inspection did not reveal that the mortgagor(s), persons claiming under the mortgagor(s), or any other persons were presently occupying or would be occupying the premises.

That on May 9, 2008 the mortgagee caused to be posted a notice that the mortgagee considered the premises to be abandoned and that the mortgagor(s) would lose all rights of ownership 30 days after the foreclosure sale, or (15) days after the date of such posting, whichever is later.

That on May 7, 2008, the mortgagee caused to be mailed, by certified mail, return receipt requested, to the mortgagor(s) at their last known mailing address, a notice which stated that the mortgagee considered the premises abandoned and that the mortgagor(s) would lose all rights of ownership 30 days from the date of foreclosure sale, of (15) days after the mailing and posting of such notice, whichever is later; and that the mortgagor(s) have not responded to said notice .

That the mortgaged property consists of residential property not exceeding 4 units.

*[signature]*
Ebony Gerwin
Attorney For US Bank National Association as Trustee for Credit Suisse First Boston ARMT 2005-5
Trott & Trott, P.C.
31440 Northwestern Highway, Suite 200
Farmington Hills, MI 48334-2525

Signed and sworn to before me in Oakland County, Michigan, on May 27, 2008 by Ebony Gerwin, Attorney for US Bank National Association as Trustee for Credit Suisse First Boston ARMT 2005-5.

*[signature]*
Matthew P. Lafata, Notary public
State of Michigan, County of Macomb
My commission expires December 24, 2011
Acting in the County of Oakland

DRAFTED BY AND WHEN RECORDED RETURN TO:
Ebony Gerwin
Trott & Trott, P.C.
31440 Northwestern Highway, Suite 200
Farmington Hills, MI 48334-2525

*SHA 2*

L 47261 - P 1492

**EXHIBIT A**

T&T #161493F04

Property Legal Description:
Lot 17, Slavik's Daly Subdivision, as recorded in Liber 74, page 21 of Plats, Wayne County Records.

# **<u>EXHIBIT B</u>**

STATE OF MICHIGAN

JUDICIAL DISTRICT

22nd District Court Inkster

US BANK NATIONAL ASSOCIATION

As Trustee for Credit Suisse                                         Case No. 08-2068-LT

                                   Plaintiff                      Hon.

Vs.

James C. Downing

                                   Defendant

_____/

AFFIDAVIT OF NON-ABANDONMENT                    22nd DISTRICT COURT
                                                **TRUE COPY**

         I, James Downing, of age and competent to testify state as based on my own

Personal knowledge:

1. The subject in this dispute, 114 Vincent, Inkster, Michigan is not abandoned.

2. This affidavit is made accordance 600.3241 (d) Abandonment of premises;

3. The alleged Sherriff, Terri D. Sims Hilson , who signed the Sherriff Deed is not a

   Sherriff.  (See attached Exhibit (A)).

4. The defendant resides in the property and is currently paying the utilities for the

   Property.  (See attached Exhibit (B))

5. The redemption period prescribed in the foreclosure by advertisement statue,

   should be Implemented as standard procedures of this sale.

6.  There is a civil action pending against the plaintiff in federal court: Case No:



# Robert A. Ficano
County Executive

**Azzam E. Elder**
Corporation Counsel

**Mary Rose MacMillan**
Deputy Corporation Counsel

**Nathan M. Pardi**
Supervising Attorney
(313) 224-5030

July 8, 2004



Re: 

Dear Mr.

    As per our conversation of Thursday, July 8, 2004, I have made inquiries with both the Wayne County Sheriff's Department and the Wayne County Personnel Department in order to ascertain the employment status of Terri D. Sims. Pursuant to my investigation, I can report to you the following:

    1.    Terri D. Sims is a civilian employee of the Wayne County Sheriff's Department.

    2.    Ms. Sims is not now, and has never been employed as a certified police officer, Wayne County Deputy Sheriff, or in any other law enforcement capacity.

    3.    That as a civilian employee of the Wayne County Sheriff's Department, Terri D. Sims is a Department Supervisor I, and therefore in charge of six other civilian employees, including one accountant, two clerical specialists, one cashier, one legal typist, and one typist.

    I trust this information is of use to you, and further clarifies the information which I forwarded in response to your April 8, 2004 subpoena.

Very truly yours,

AZZAM E. ELDER
Wayne County Corporation Counsel

NATHAN M. PARDI
Supervising Attorney

NMP:tak

9118567

## AFFIDAVIT OF NATHAN A. PARDI,

STATE OF MICHIGAN)
                 )
COUNTY OF WAYNE )

NATHAN M. PARDI, an attorney with the Wayne County Corporation Counsel's Office, duly sworn under oath deposes and states as follows:

1.      I am presently employed as an Assistant Corporation Counsel with the Wayne County Corporation Counsel's Office, County of Wayne, State of Michigan.

2.      I make this affidavit from my own examination of the records and files of the County of Wayne Personnel Department, along with discussions with Wayne County Employment Personnel

3.      To the best of my knowledge and belief, the information regarding Terri D. Sims, a Wayne County Civilian Employee of the Sheriff's Department is accurate as of the date of the correspondence referred thereto.

4.      That pursuant to my inquiries, the job duties, responsibilities, and classifications regarding Terri D. Sims are those provided by the Wayne County Department of Personnel, and accurately reflect her job.

5.      I am competent to testify in a court of law as to the facts stated in this affidavit, and I would so testify if called upon to do so in a legal proceeding.

NATHAN M. PARDI (P34171)
Supervising Attorney
Wayne County Corporation Counsel
600 Randolph St., 2nd Floor
Detroit, Michigan 48226
(313) 224-5030

Subscribed and sworn to before me
this 23rd day of September, 2004

_____, Notary Public
Luz Espinoza
Wayne County, Michigan
My Commission Expires: 12-01-05
Acting in Wayne County, Michigan

LUZ ESPINOSA
#142436
NOTARY PUBLIC STATE OF MICHIGAN
WAYNE COUNTY
MY COMMISSION EXP. DEC. 1, 2005

# EXHIBIT C

Keep lower portion for your records

## Account Information

James Cordy Downing
020194 Ch07d
114 Vincent St
Inkster, MI 48141

| Account Number | 2023 768 0005 0 |
|---|---|

JAMES CORDY DOWNING
114 VINCENT ST          INKSTER
INKSTER MI 48141 1878
020194 E
EX DLB 07-13-2008

### Contact Information

| | |
|---|---|
| Gas Leak or Gas Emergency | 800.947.5000 |
| Electric Outage or Emergency | 800.477.4747 |
| Customer Service | 800.477.4747 |
| Hearing-Impaired TDD line | 800.888.6886 (Mon-Fri 8am-5pm) |
| Web Site | my.dteenergy.com |
| Renewable Resource Program | GreenCurrents.com |

### Programs you are enrolled in

Shutoff Protection Plan
Senior Program

## Summary of Charges

| | | | |
|---|---|---|---|
| Account Balance as of Jun 03, 2008 | 219.72 | **Your Payment Plan Summary** | |
| Payment Received Jun 19, 2008 Thank You! | -85.00 | Last Month's Amount Due | 85.00 |
| | | Payment Received Jun 19, 2008 | -85.00 |
| Balance Prior to Current Charges | 134.72 | Current Plan Payment Amount | 85.00 |
| Current Charges | | | |
| Detroit Edison Residential Electric Service | 26.66 | **Payment Due By July 28, 2008** | 85.00 |
| Detroit Edison Interruptible Heating / Cooling Service | 7.42 | | |
| MichCon Gas Residential Heating | 19.34 | | |
| Total Current Charges | 53.42 | | |
| Account Balance as of July 3, 2008 | $188.14 | | |

## Important Information

MichCon is implementing an increase in the Gas Cost Recovery (GCR) rate, which is reflected in your July bill statement. The GCR covers the actual price that MichCon pays for the gas you use. For more information, visit my.dteenergy.com/otherinformation/pdfs/rateCard.pdf

 DTE Energy